UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RYAN KNIGHT, on behalf of himself and all similarly situated individuals,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF TRACY,<br><br>          Defendant. | CIV. NO. 2:16-1290 WBS EFB<br><br>ORDER RE: MOTION FOR CONDITIONAL CERTIFICATION AND FACILITATED NOTICE PURSUANT TO 29 U.S.C. § 216(b) |

----oo0oo----

          Plaintiff Ryan Knight brought this action against defendant the City of Tracy alleging that defendant under-calculates his overtime pay and cash out of compensatory time off ("CTO") in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Compl. (Docket No. 1).)  Presently before the court is plaintiff's Motion to conditionally certify this action an FLSA collective action and issue notice to similarly situated individuals under 29 U.S.C. § 216(b).  (Pl.'s Mot.

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(Docket No. 28).)

Plaintiff is employed as a police officer for defendant.  (Pl.'s Mot., Mem. ("Pl.'s Mem.") at 2 (Docket No. 28-1).)  Plaintiff alleges that defendant has a policy that allows him and other City employees to decline health benefits in exchange for cash payments.  (Id.)  In calculating overtime pay and cash out of CTO for employees who take cash payments in lieu of health benefits, defendant allegedly excludes payments made in lieu of health benefits from the "regular rate" of pay that is used to determine overtime pay and cash out of CTO.  (Id. at 2.)  This practice, according to plaintiff, is in violation of section 207 of the FLSA.  (Id. at 2-3.)  Plaintiff seeks to conditionally certify this action as an FLSA collective action and issue notice to employees of defendant who were subject to the above-described payment practice.  (Id. at 1-2.)

Employees may bring suits for violations of the FLSA on their own behalf and on behalf of "other employees similarly situated."  29 U.S.C. § 216(b).  The FLSA does not define the term "similarly situated," nor has the Supreme Court or the Ninth Circuit offered further clarification.  Brown v. Citicorp Credit Servs., Civ. No. 1:12-62 BLW, 2013 WL 4648546, at *2 (D. Idaho Aug. 29, 2013).  However, the Supreme Court "has indicated that a proper collective action encourages judicial efficiency by addressing in a single proceeding claims of multiple plaintiffs who share 'common issues of law and fact arising from the same alleged [prohibited] activity.'"  Id. (quoting Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989)).

2

1

2              District courts in the Ninth Circuit typically follow a

3    two-step process for FLSA actions.  Id.; see also Velasquez v.

4    HSBC Fin. Corp., 266 F.R.D. 424, 427 (N.D. Cal. 2010) (listing

5    cases).  The district court first determines whether to

6    conditionally certify the proposed class and send notice of the

7    action based on the submitted pleadings and affidavits.  Murillo

8    v. Pac. Gas & Elec. Co., 266 F.R.D. 468, 471 (E.D. Cal. 2010).

9    After discovery and when the case is ready for trial, the court

10   then engages in a more searching review of whether the plaintiffs

11   are similarly situated, often triggered by a motion to decertify

12   by the defendant.  Id.; Velasquez, 266 F.R.D. at 427.

13             Given the lack of discovery and limited evidence

14   available, courts apply a lenient standard to the first-step

15   determination, which usually results in conditional class

16   certification.  Leuthold v. Destination Am., Inc., 224 F.R.D.

17   462, 467 (N.D. Cal. 2004).  This step "requires only that

18   plaintiffs make substantial allegations that the putative class

19   members were subject to a single illegal policy, plan or

20   decision."  Murillo, 266 F.R.D. at 471.  However, a plaintiff

21   must supply "some modest evidentiary showing" beyond his or her

22   own conclusory allegations, and the court need not rely on

23   representations that indicate a lack of personal knowledge

24   regarding alleged employer practices.  Brown, 2013 WL 4648546, at

25   *1-3.

26             Here, plaintiff seeks to conditionally certify an FLSA

27   class defined as "any and all current or former employees of the

28   City of Tracy who have worked overtime and received cash payments

in lieu of health care benefits within the same pay period at any time since June 10, 2013." (Pl.'s Proposed Order (Docket No. 28-4).) In support of his request, plaintiff provides copies of collective bargaining agreements between defendant and its police, fire, and technical support departments indicating that defendant has a widespread policy of offering cash payments in lieu of health benefits. (See Decl. of Isaac S. Stevens Exs. A-C, Collective Bargaining Agreements (Docket No. 28-2).) Plaintiff testifies, in a sworn affidavit, that "[o]ver the past three years when [he has] received cash payments for declining health insurance coverage . . . the City of Tracy has failed to include these payments into the calculation of [his] regular rate of pay for the purposes of determining overtime compensation or [cash out of CTO]." (Decl. of Ryan Knight ¶ 8 (Docket No. 28-3).) He further testifies that he is "aware of other police officers who are subject to" the same practice, and alleges that "[d]efendant uniformly applied this [practice] to all current and former employees" who take cash in lieu of health benefits. (Id. ¶ 9; Pl.'s Mem. at 4.) To date, twenty City employees have filed affidavits to join plaintiff's action. (See Joint Status Report at 2-3 (Docket No. 24); Aff. Of Michael Oliveri (Docket No. 29).)

Plaintiff has met the required showing for conditional certification. He has alleged that he and the putative class were subject to a single payment practice whereby payments made in lieu of health benefits were not taken into account in calculating overtime pay and cash out of CTO. He has supported that allegation with copies of collective bargaining agreements

4

between defendant and its employees, affidavits from employees, and his own sworn testimony.

Defendant "is in substantial agreement with" plaintiff's request to conditionally certify the proposed class, except to the extent the class includes employees who were paid "contract" overtime, but not FLSA overtime.[1]  (Def.'s Opp'n at 1-2 (Docket No. 30).)  Defendant correctly notes that such employees "have no claim under the current action."  (Id. at 2.) Plaintiff has not opposed this modification.  Accordingly, the court will conditionally certify plaintiff's action as an FLSA collective action, subject to revision of plaintiff's proposed class to include only employees who have worked FLSA overtime.

Plaintiff next seeks court authorization of a proposed notice plan whereby defendant would send notice of this action to the class via their work-issued emails and last known mailing addresses.  (Pl.'s Mem. at 4; Pl.'s Proposed Order ¶¶ 5-6.) Where "the court finds initial certification appropriate, it may order notice to be delivered to potential plaintiffs."  Kress v. PricewaterhouseCoopers, LLP, 263 F.R.D. 623, 628 (E.D. Cal. 2009) (Karlton, J.) (citing Hoffmann-La Roche, 493 U.S. at 172). Having found that conditional certification is proper, the court finds that issuance of notice to the certified class is proper.

---

[1]     Defendant notes that it "pay[s] overtime premiums in circumstances that are not required under the FLSA."  (Def.'s Opp'n at 2 (Docket No. 30).)  For example, it pays its police officers overtime "for hours worked in excess of 160, despite that the City has adopted a 28-day work period under the [FLSA's] 7(k) exemption that sets the [FLSA] overtime threshold at 171 hours.  Hours worked between 160 hours and 171 hours are [thus] considered 'contract overtime,' but not 'FLSA overtime.'"  (Id.)

1

2

3    Defendant agrees to plaintiff's notice plan except to the extent

4    it requires that notice be sent by email.  (Def.'s Opp'n at 2.)

     Plaintiff has not opposed defendant's request to send the notices

5    only by postal mail.  Accordingly, the court will approve

6    plaintiff's proposed notice plan, subject to the revision that

7    defendant need only send the notices by postal mail.

8          As for the content of the notice, "[t]he FLSA requires

     the Court to provide potential class members 'accurate . . .

9    notice concerning the pendency of the collective action, so that

10   they can make informed decisions about whether to participate.'"

11   Romero v. Producers Dairy Foods, Inc., 235 F.R.D. 474, 492 (E.D.

12   Cal. 2006) (Coyle, J.).  The notice that plaintiff provides

13   accurately states the nature of this action and explains the

14   consequences of opting in and not opting in.[2]  (See Pl.'s

15   Proposed Order Ex. A, Collective Action Notice.)  Defendant has

16   submitted a revised draft of plaintiff's notice that defines this

17   action to include only FLSA overtime and makes some slight

18   changes in phrasing.  (See Def.'s Proposed Order Ex. A, Revised

19   Collective Action Notice (Docket No. 31).)  Plaintiff has not

20   opposed defendant's revisions, and the court finds that the

21   revisions are fair and accurate.  Accordingly, the court will

22   approve defendant's draft of plaintiff's notice.

23

24        [2]   Class members may "opt in to the class by filing a
     written consent with the Court."  Wood v. TriVita, Inc., No. CV-
25   08-0765 PHX SRB, 2009 WL 2046048, at *2 (D. Ariz. Jan. 22, 2009)
     (citing 28 U.S.C. §§ 216(b) & 256).  Those who choose not to opt
26   in are not bound by this action.  See Adams v. Inter-Con Sec.
     Sys., Inc., 242 F.R.D. 530, 535 (N.D. Cal. 2007) (citing
27   Leuthold, 224 F.R.D. at 466).  Plaintiff's notice adequately
     explains these consequences.
28

1

2          IT IS THEREFORE ORDERED that plaintiff's Motion for

3   conditional certification of this action as an FLSA collective

4   action and issuance of notice to class members be, and the same

5   hereby is, GRANTED IN PART as follows:

6          (1) The class conditionally certified in this Order is

7   defined as any and all current or former employees of the City of

8   Tracy ("defendant") who have worked FLSA overtime and received

9   cash payments in lieu of health care benefits from defendant

10  within the same pay period at any time since June 10, 2013.

11         (2) Plaintiff Ryan Knight is conditionally appointed

12  collective action representative.

13         (3) Plaintiff's counsel, Mastagni Holstedt, APC is

14  conditionally appointed collective action counsel.

15         (4) The court authorizes the parties to send the notice

16  defendant has attached as pages eight through ten of Docket No.

17  31 ("class notice") to the class certified in this Order.

18         (5) Within fourteen days of the date this Order is

19  signed, defendant shall send the class notice, by first-class

20  postal mail, to class members' addresses of record.

21         (6) Within twenty-one days of the date this Order is

22  signed, defendant shall provide plaintiff with proof that it has

23  carried out the above-described notice plan.

Dated:   November 10, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

24

25

26

27

28